■ In the Matter of Marshall V. Lewis, Jr., Petitioner, v. Board of Trustees of the Village of Canajoharie, Respondent.— Appeal by the petitioner from an order of the respondent dismissing the said petitioner as a police officer of the Village of Canajoharie. On April 25, 1960, five charges were made in writing against the petitioner, all of which were dismissed by the hearing officer with the exception of No. 3 which alleged that because of his deliberate absence from duty, a traffic jam developed on April 17, 1960 following church services in one of the churches in the said village. While these charges were pending, five supplemental charges. were filed on May 9, 1960, which alleged the said petitioner was sleeping on duty, while on night patrol, during a period commencing in June of 1959 and terminating on March 31, 1960. The evidence at the hearing developed that the petitioner drove to the vicinity of the Thruway toll gate and slept for various periods and at his request, he was awakened by one of the toll tenders. He was the only police-

man on duty during those particular hours and as a consequence the village was left without any police protection. The charges were sustained except for No. 5 which was dismissed following the hearing. The petitioner did not testify at the hearing in defense of any of the supplemental charges and in his petition which instituted the present proceeding, he made the following statement: "15. Your petitioner is in complete accord with the findings made by the hearing officer and does not question in any way the discipline recommended by the said officer, to wit: suspension of 20 days without pay." On this appeal he contends that he was not furnished proper bills of particulars which we find without merit. The so-called defective bills of particulars were retained by petitioner and his counsel and no objection was made to them before or at the trial. We likewise find without merit his second contention that there was no substantial evidence to sustain the charges as found by the hearing officer. Petitioner further claims that his dismissal by the board was unreasonable and an abuse of discretion. The punishment, under the circumstances herein, is governed by section 188-f of the Village Law which provides that any member found guilty upon charges may be punished by the Board of Trustees "by reprimand, forfeiture and withholding of salary or compensation for a specified time not exceeding twenty days, suspension * * * not exceeding twenty days and withholding of salary or compensation during such suspension, or by dismissal from the department." Similar punishment is provided by section 155 of the Town Law. It will be noted that there is a considerable gap between the minimum and maximum punishment. In the present case the hearing officer felt that 20 days suspension without pay was inadequate but nevertheless made that his recommendation. The board after apparently giving the matter considerable thought and deliberation unanimously recommended that the petitioner be dismissed. We are unable, under the circumstances, to say that the decision of the Village Board was arbitrary or unreasonable. The charges were serious and in most instances not contested or denied by the petitioner. The evidence was overwhelmingly convincing as to his guilt and of his dereliction of duty in sleeping and leaving the village unprotected. While the penalty is severe, we are unable to say that his acts and conduct did not justify such severity. The board after careful consideration decided that the recommendation of the hearing officer as to discipline was not sufficient and having thus decided, under the law they had no alternative except to mete out the maximum. Determination unanimously confirmed, without costs.

In decisions Nos. 12–16: Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ., concur.